UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES EVERETT BURISE                    CIVIL ACTION

VERSUS                                    NUMBER: 08-826

WILLIE B. CARTER, ET AL.                  SECTION: "B"(5)

**REPORT AND RECOMMENDATION**

This 42 U.S.C. § 1983 proceeding was filed in forma pauperis by pro se plaintiff, Charles Everett Burise, against defendants, Correctional Officer Willie B. Carter and Warden Stuart Murphy of the Tangipahoa Parish Jail ("TPJ"). (Rec. doc. 1). Plaintiff, an inmate of TPJ at the time that suit was filed, complained of an alleged use of excessive force at the hands of defendant Carter and a subsequent denial of needed medical care. (Id.).

After a preliminary conference had been conducted in this matter, plaintiff advised the Court that he had been released from TPJ, providing a new address to which orders from the Court could be mailed to him. (Rec. doc. 18). On September 30, 2009, the Court issued an order scheduling an evidentiary hearing in

this case for December 3, 2009 at 10:00 a.m. (Rec. doc. 19). A copy of that order that was mailed to plaintiff at his address of record has not been returned as undeliverable. Prior to the date of the evidentiary hearing defendants filed a motion to dismiss pursuant to Rule 41(b), Fed.R.Civ.P., alleging therein that plaintiff has failed to cooperate in the scheduling of his deposition. (Rec. doc. 22). On December 3, 2009 at the pre-designated time, counsel for defendants and the Warden himself appeared before the Court and were prepared to go forward with the evidentiary hearing as scheduled. Plaintiff, however, failed to appear for the hearing and the Court has received no communication from him explaining that he was unable to do so for reasons beyond his control.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based on the failure of the plaintiff to prosecute his case or to comply with an order of the court. Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkman v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987); Lopez v. Aransas County Independent School District, 570 F.2d 541, 544-45 (5th Cir. 1978). In applying that sanction of dismissal, courts have traditionally considered the extent to which the plaintiff,

rather than his counsel, is responsible for the delay or the failure to comply with the court's orders.  Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986).  As plaintiff is proceedng pro se in this matter, the Court must consider his action/inaction alone in considering dismissal of the case under Rule 41(b).

Despite having received notice, plaintiff failed to appear for the evidentiary hearing scheduled in this matter for December 3, 2009 and the Court has received no communication from him indicating that he was unable to do so for reasons beyond his control.  Plaintiff has also failed to cooperate with defense counsel in the scheduling of his deposition.  The Court must therefore assume that plaintiff has no further interest in prosecuting this matter.  As plaintiff is proceeding pro se, these failures are attributable to him alone.

## RECOMMNDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b), Fed.R.Civ.P.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served

3

with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this __7th__ day of ___December___, 20__09__.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE